UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CAIRE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 12-10128 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Dennis Caire filed this action on December 13, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 4 and 14, 2013. (Dkt. Nos. 11, 12.) On June 20, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

## I.

## **PROCEDURAL BACKGROUND**

On December 21, 2009, Caire filed an application for supplemental security income benefits, and alleged an onset date of January 1, 2006.  Administrative Record ("AR") 19, 111.  The application was denied.  AR 19, 65.  Caire requested a hearing before an Administrative Law Judge ("ALJ").  AR 74.  On April 1, 2011, the ALJ conducted a hearing at which Caire, his wife and a vocational expert ("VE") testified.  AR 29-53.  On June 13, 2011, the ALJ issued a decision denying benefits.  AR 16-25.  On September 28, 2012, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

2

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Caire had the severe impairments of history of back pain, status post right wrist surgery and hepatitis C.  AR 21.  He had the residual functional capacity ("RFC") to "lift and carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours out of an 8-hour workday; stand and/or walk with the use of a cane for 4 hours out of an 8-hour workday; occasionally and slowly climb stairs; occasionally stoop; occasionally push and pull with the right upper extremity; and occasionally perform pinching movements with the right wrist." AR 21.  Although Caire could not perform any past relevant work, there were jobs that existed in significant numbers in the national economy that he could perform such as parking lot booth attendant.  AR 23-24.

### C. Step Five of the Sequential Analysis

Caire contends the ALJ erred at Step Five for two reasons:  (1) the VE's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"); and (2) there was insufficient evidence of jobs in significant enough numbers that Caire could perform.

At step five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the

Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.*

An ALJ may rely on VE testimony given in response to a hypothetical question that contains all of the limitations the ALJ found credible and supported by substantial evidence. *Bayliss*, 427 F.3d at 1217-18. An ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

### 1. VE Testimony

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles."[1] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). Social Security Ruling ("SSR") 00-4p[2] requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153.

---

[1] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

[2] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435. Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE provided sufficient support for her conclusion to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

The ALJ's RFC stated that Caire could "occasionally perform pinching movements with the right wrist."[3] AR 21. Pinching or picking is a type of fingering. SSR 85-15, 1985 SSR LEXIS 20, *19 (1985).

Further, the ALJ limited Caire to standing and/or walking with the use of a cane for 4 hours out of an 8-hour workday. AR 21.

The VE testified that the limitation with the wrist and hand in the RFC would render an individual unable to do sedentary work. AR 46. The use of a cane would eliminate most unskilled jobs while standing. *Id.* The VE testified that a person with Caire's RFC could perform the job of parking lot booth attendant, DOT 915.473-010. AR 45. According to the VE, this job could be performed either sitting or standing. AR 47.

---

[3] "'Fingering' involves picking, pinching, or otherwise working primarily with the fingers." SSR 85-15, 1985 SSR LEXIS 20, *19. Caire contends that the ALJ misconstrued the examining physician's opinion, which stated: "Due to the condition of the right wrist, pushing, pulling and picking are limited to occasional with the right upper extremity." AR 175. The ALJ asked the VE if the word "picking" had any special significance, and the VE responded that it did not. AR 44. The ALJ stated that she "assume[d] she means like pinching, or pulling towards somebody, using the wrist and fingers at the same time." AR 45. The VE took that limitation into account. AR 45. Even assuming picking is a separate function from pinching, any error would be harmless and Caire does not make any contrary showing.

5

Caire argues that the VE's description of this job is inconsistent with the DOT in two ways. First, the parking lot attendant job requires frequent fingering. Second, the parking lot attendant job requires the ability to do activities inconsistent with Caire's stand/walk limitations with use of a cane.

Courts have generally found that frequent fingering does not require both hands. Thus, a claimant with limited or no use of one arm can perform the fingering function. *E.g., Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) (no conflict between claimant with amputated arm and the job requirements of handling and fingering for cashier and ticket seller); *Durrah v. Astrue*, 2011 U.S. Dist. LEXIS 51562, *8 (C.D. Cal. May 12, 2011) (no conflict between claimant with use of only one arm and job of toll collector).

According to the DOT, the job of parking lot attendant (DOT 915.473-010) is defined as follows:

> Parks automobiles for customers in parking lot or storage garage:  Places numbered tag on windshield of automobile to be parked and hands customer similar tag to be used later in locating parked automobile.  Records time and drives automobile to parking space, or points out parking space for customer's use.  Patrols area to prevent thefts from parked automobiles.  Collects parking fee from customer, based on charges for time automobile is parked.  Takes numbered tag from customer, locates automobile, and surrenders it to customer, or directs customer to parked automobile.  May service automobiles with gasoline, oil, and water.  When parking automobiles in storage garage, may be designated Storage-Garage Attendant (automotive ser.).  May direct customers to parking spaces.

Although the VE testified that this job could be performed while sitting or standing, the only function that might be performed while sitting is collecting the parking fee and taking the tag from the customer. It is possible that the VE intended to restrict the hypothetical claimant to work in a booth. AR 45. The court cannot tell from the record whether the VE adjusted the number of jobs to account for such a subset of parking lot attendant jobs. Remand is appropriate to clarify the VE's testimony.

### 2. Significant Number of Jobs

"'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner bears the burden of establishing that there exists other work in "'significant numbers.'" *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). The Ninth Circuit has never set out a bright line rule for what constitutes a significant number of jobs. *Id.* In *Beltran*, the Circuit found that 135 regional jobs and 1,680 national jobs are not "significant" within the meaning of the Act. *Id.* On the other hand, the Circuit noted that 1266 regional jobs is a significant number. *Id.* (citing *Barker v. Sec'y*, 882 F.2d 1474, 1479 (9th Cir. 1989)); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (1,300 jobs in Oregon is significant number).

An ALJ may rely on a VE's testimony regarding the number of jobs in a region or the country. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Id.* The regulations also identify several sources of job information, including the DOT, County Business Patterns published by the Bureau of the Census, Occupational Analyses prepared by various state employment agencies

7

and the Occupational Outlook Handbook, published by the Bureau of Labor Statistics. 20 C.F.R. §§ 404.1566(d), 416.966(d).

The social security regulations state that the focus need not be on the immediate area in which an individual lives. 20 C.F.R. §§ 404.1566(a), 416.966(a). The "significant number of jobs" can be either regional jobs (the region where a claimant resides) or in several regions of the country. *Beltran*, 700 F.3d at 389.

Here, the VE identified only 800 regional jobs. AR 45. That number is more than the 135 jobs at issue in *Beltran* but less than the 1266 regional jobs found sufficient in *Barker*. Moreover, it is possible that the number of jobs may be adjusted on remand based on Caire's ability to do only a small subset of the functions of a parking lot attendant.

### D.     Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted). The ALJ found that Caire's medically determinable impairment could reasonably be expected to cause the alleged symptoms. AR 22.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). Here, the ALJ found Caire's

statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC. AR 22.

The ALJ discounted Caire's credibility based on the medical record. AR 22-23. Lack of objective medical evidence supporting the degree of limitation cannot form the sole basis for discounting subjective testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). On remand, the ALJ must reconsider Caire's credibility.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 7, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge